UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MARK NUNEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>RICK HILL,<br><br>   Defendant. | Case No. 22-cv-04881-JSW<br><br>**ORDER OF DISMISSAL; DENYING PENDING MOTIONS; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 2, 3, 6 |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the validity of his 2004 sentence under California's Three Strikes Law. His application to proceed in forma pauperis is GRANTED. For the reasons discussed below, the petition is DISMISSED for failure to state cognizable grounds for federal habeas relief. His motions for appointment of counsel and for an evidentiary hearing are DENIED.

## DISCUSSION

### I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II. Legal Claims

In 2004, Petitioner was sentenced to a term of 35 years to life in state prison under

California's Three Strikes Law. He claims that the sentence is invalid because he is "actually innocent" of one of the prior convictions used to enhance his sentence, namely a 1982 conviction for assault. A petitioner generally may not attack the constitutionality of a prior conviction used to enhance a later sentence. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The only exception is that a petitioner may challenge a prior conviction on the ground that there was a failure to appoint counsel in that case in violation of the Sixth Amendment. *Id.* at 404. Petitioner does not challenge his prior conviction on the grounds that he was not appointed counsel. His claim that his current sentence is invalid because one of his prior convictions is unconstitutional is therefore not cognizable.

Petitioner's second claim is that his 1982 conviction did not qualify as a "strike" under California's Three Strikes Law. This claim is based upon state law, i.e., California's definition of what counts a "serious" or "strike" prior. A federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Consequently, this claim is not cognizable.

In his third claim, Petitioner argues that the prosecutor knew that he was actually innocent of the prior conviction when he submitted it as grounds for his Three Strikes Sentence, and that defense counsel gave him bad advice in not contesting the validity of his prior conviction prior to sentencing. Although these arguments would ordinarily be cognizable challenges to the validity of his current sentence, he may not proceed with them at the present time because he has already challenged the validity of his current criminal judgment in a prior federal petition for a writ of habeas corpus. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has

previously challenged his 2004 state-court criminal judgment, *see Nunez v. Yates*, No. 07-2485 JSC, which petition was dismissed on its merits (ECF No. 15). Petitioner has not obtained authorization from the United States Court of Appeals to file a second or successive petition challenging the same judgment. Consequently, Petitioner's final claim will be dismissed without prejudice to re-filing after he obtains authorization to do so.

## CONCLUSION

For the reasons discussed above, the petition is DISMISSED. The dismissal of the third claim is without prejudice, as described above. In light of this dismissal, the motions for appointment of counsel and for an evidentiary hearing are DENIED.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 23, 2022

JEFFREY S. WHITE
United States District Judge